UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Earl Williams, #17379-056, ) | C/A No. 4:08-641-HFF-TER |
| ) | |
| Petitioner, ) | |
| ) | REPORT AND |
| vs. ) | RECOMMENDATION |
| ) | |
| M. Pettiford, Warden, FCI-Bennettsville, ) | |
| ) | |
| Respondent. ) | |
| ——————————————————— ) | |

The petitioner, William Earl Williams ("Petitioner"), proceeding *pro se*, brings this action

pursuant to 28 U.S.C. § 2241 for habeas relief.[1]  Petitioner is an inmate at Federal Correctional

Institution in Bennettsville, South Carolina, a facility of the U. S. Bureau of Prisons (BOP).

Petitioner is challenging his enhanced federal sentence imposed by the United States District Court

for the Eastern District of North Carolina ("sentencing court").  Petitioner seeks a writ of habeas

corpus claiming state convictions used to enhance his federal sentence are void, and the savings

clause of 28 U.S.C. § 2255 is inadequate and ineffective to show that he is actually innocent of his

enhanced federal sentence.  Petitioner must pursue the challenge to his federal sentence in the

sentencing court, thus this habeas petition should be dismissed.

## REVIEW

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* petition filed in this case.  The review was conducted pursuant to the Rules Governing

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Habeas Corpus Cases Under Section 2254[2] and the Anti-Terrorism and Effective Death Penalty Act of 1996. This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Petitioner was convicted by a jury in the United States District Court for the Eastern District of North Carolina ("sentencing court") on April 23, 1998. Petition at 4. Petitioner's sentence of two concurrent terms of life imprisonment without parole was enhanced based on three North Carolina state convictions. Petition at 3. Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") on May 22, 2000. Petitioner collaterally attacked his conviction and sentence in a motion brought in the sentencing court pursuant to 28 U.S.C. § 2255 on April 16, 2001, which was dismissed. Petition at 5. Petitioner now files for

---

[2] The Rules Governing Section 2254 Cases may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [§ 2254]."

2

habeas relief pursuant to 28 U.S.C. § 2241 claiming the state convictions used to enhance his federal sentence are void, thus he is actually innocent of his enhanced sentence. Petitioner further claims 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, providing jurisdiction for his § 2241 petition. Petition at 6. Petitioner requests this Court vacate his federal sentence and impose a new sentence without enhancements. Petition at 13.

## DISCUSSION

Petitioner files for habeas relief pursuant to 28 U.S.C. § 2241, which provides authority for a United States District Court to consider a writ of habeas corpus for prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241 (c)(3). In his § 2241 petition, Petitioner challenges the legality of his federal sentence. Federal post-conviction relief from a criminal judgment imposed by a United States District Court is governed by 28 U.S.C. § 2255. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255.) Title 28 U.S.C. § 2255 provides in pertinent part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A habeas action filed under § 2241 is required to be filed in the district court where the prisoner is

3

confined, which is often not the district court in which the prisoner was convicted and sentenced (as in this case). When enacted in 1948, § 2255 created a new postconviction remedy in the sentencing court primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *United States v. Hayman*, 342 U.S. 205, 219 (1952) ("Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose [in enacting § 2255] was to minimize the difficulties encountered in habeas corpus proceedings by affording the same rights in another and more convenient forum."). Petitioner's attack on the legality of his federal sentence based on enhancements he claims were void at the time his sentence was imposed is the type of challenge that must be brought in the sentencing court.

**Actual Innocence and Miscarriage of Justice**

Petitioner argues that his § 2241 petition should be heard because he is "actually innocent" of the state court convictions used to enhance the length of his federal sentence. Petitioner's claim "has never been adjudicated on the merits in any court," so he clearly has not challenged his state convictions in any other venue. Petition at 5. In this case, Petitioner cannot attack the constitutional validity of his state court convictions in context of a § 2241 habeas petition challenging his federal sentence. A prisoner convicted in state court "may raise constitutional claims on direct appeal, in postconviction proceedings available under sate law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254." *Daniels v. U.S.*, 532 U.S. 374 (2001); *see also Custis v. U.S.*, 511 U.S. 485, 497 (1994) (if successfully attack state convictions in state court or through federal habeas review, may then apply for reopening of federal sentence enhanced by the state convictions). The Daniels court also found that "[i]f, however, a prior conviction used to enhance

4

a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Daniels v. U.S.*, 532 U.S. at 382.

If Petitioner successfully invalidated his state court convictions used to enhance his federal sentence, he could have a remedy, but not under § 2241. Even if Petitioner could show that the state courts vacated his state convictions, he would be required to bring a challenge to his federal sentence through a motion under § 2255 in the sentencing court. *See Johnson v. U.S.*, 544 U.S. 295 (2005) (challenge to enhanced federal sentence based on vacated state convictions brought as § 2255 motion in sentencing court); *U.S. v. Maybeck*, 23 F.3d 888 (4th Cir. 1994)(challenge to enhanced sentence based on "actual innocence" as career offender under guidelines brought as § 2255 motion in sentencing court; *Poole v. Dotson*, 469 F. Supp.2d 329 (D. Md. 2007), *appeal docketed*, No. 07-4220 (4th Cir. February 20, 2007)(*sentencing court* granted § 2241 habeas petition that challenged enhanced federal sentence based on subsequent vacated state convictions.). The sentencing court is the correct court to consider a challenge to a federal sentence based on subsequently vacated state court convictions used to enhance the federal sentence, thus Petitioner's § 2241 petition for a writ of habeas corpus should be dismissed.

**Inadequate and Ineffective**

Petitioner claims that a motion under § 2255 is "inadequate or ineffective to test the legality of his detention," and thus his § 2241 petition should be considered by this Court. Under § 2255,

> an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of this

detention.

Petitioner filed a motion pursuant to § 2255 in the sentencing court, based on different grounds for relief than stated in this § 2241 petition, which was dismissed. Petition at 5. Petitioner's claims then would be brought in a second or successive § 2255 motion, which requires preauthorization from the Fourth Circuit. *See* 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244(b)(3)(A). Apparently Petitioner has not requested authorization to file a second § 2255 motion based on his contention that his sentence is illegal because it was enhanced with void state court convictions. Instead, Petitioner has filed a § 2241 petition in this Court claiming a § 2255 motion would be inadequate or ineffective. However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3rd Cir. 2002). The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The "savings clause" of § 2255 that allows a habeas action to be considered if motion under § 2255 is "inadequate or ineffective" has only been found to apply in one scenario in the Fourth Circuit. *In re Jones*, 226 F.3d at 333.

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted is no longer criminal. Petitioner fails to establish that a

motion under § 2255 is "inadequate or ineffective to test the legality of his detention." The § 2241 petition in this case should be dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file an answer. *See Erline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (in habeas corpus proceedings, "the district courts are charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit."); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Cases. **The petitioner's attention is directed to the important notice on the next page**.

 s/Thomas E. Rogers, III      
Thomas E. Rogers, III
United States Magistrate Judge

May 30, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).