

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| WILLIAM E. WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-641-HFF-TER |
| | § | |
| M. PETTIFORD, Warden, | § | |
| FCI - Bennettsville, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

This case was filed as a 28 U.S.C. § 2241. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Petitioner's claim be dismissed without prejudice and without requiring Respondent to file an answer. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

1

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 30, 2008, and the Clerk of Court entered Petitioner's objections to the Report on June 9, 2008.

In this action, Petitioner is challenging the validity of several North Carolina state drug possession convictions that were used to enhance his federal sentence imposed on August 4, 1998, in the Eastern District of North Carolina. (Pet-r's Pet. 3-4.) Specifically, Petitioner argues that his three state convictions violated the Fifth Amendment's prohibition on Double Jeopardy because those convictions were imposed after North Carolina had accessed drug taxes against Petitioner for the same offenses. *See Lynn v. West*, 134, F.3d 582, 593 (4th Cir. 1998) (holding North Carolina's drug tax is a criminal penalty that must conform to the constitutional safeguards which accompany criminal proceedings). Because his North Carolina convictions were used to enhance his federal sentence, Petitioner argues that he is entitled to habeas relief under 28 U.S.C. § 2241. (Pet-r's Pet. 3-4.)

Generally, a federal inmate wishing to challenge the validity of his conviction or sentence must file a motion under 28 U.S.C. § 2255 in the court in which he was convicted. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In rare circumstances, however, when § 2255 is inadequate or ineffective to test the legality of detention, a federal inmate may instead seek a writ of habeas corpus under 28 U.S.C. § 2241. *See id.* (citing "savings clause" under section 2255).

In this case, Petitioner argues that his remedy under § 2255 is inadequate by focusing on the *Lynn* decision and arguing that no state remedy is available to vacate his prior convictions. (Pet'r's Objections 2-3.) The Magistrate Judge rejected this argument in part because there was no evidence

2

that Petitioner had applied to the Fourth Circuit for a successive application for relief under § 2255. (Magistrate's Report 6.) Because Petitioner has provided evidence in his objections that he actually did apply for and was denied leave to file a successive application under § 2255 (Pet'r's Objections Ex. 3), the issue warrants greater attention from the Court.

As explained by the *Jones* Court,

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34.

Applying this test to Petitioner's objections, the Court finds that Petitioner has failed to establish that § 2255 is inadequate to test the legality of his conviction and sentence. First of all, according to his own statement, at the time Petitioner was convicted, *Lynn v. West* had already been decided by the Fourth Circuit. *See* Pet'r Pet. at 5 ("In this case, *Lynn v. West*, 134 F.3d 582 (4th Cir. 1998) (January 13th, 1998) was decided before, the government's filing of the § 851 or sentencing in this case."). Therefore, the first prong of *Jones* is not satisfied because the settled law of this circuit did not establish the legality of Petitioner's conviction. Second, the law has not changed rendering the conduct that Petitioner was convicted of (drug possession) no longer criminal. Thus, although Petitioner's motion for a second application for relief under § 2255 was denied, he has failed to establish that § 2255 is "inadequate and ineffective" to test the legality of his conviction as those terms have been interpreted by the Court of Appeals for the Fourth Circuit. *See also In re*

3

*Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.")

Under the circumstances presented in this case, relief under § 2241 is unavailable to Petitioner. However, this Court does not address the availability of relief under § 2255 or § 2254.

Additionally, the Court has considered Petitioner's remaining objections, but finds them to be without merit. Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Petitioner's claim should be **DISMISSED** without prejudice and without requiring Respondent to file an answer.

**IT IS SO ORDERED**.

Signed this 22nd day of September, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.